**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     24-AP-186

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

State of Vermont v. Joshua Sabens\*

}  APPEALED FROM:
}  Superior Court, Orleans Unit,
}  Criminal Division
}  CASE NO. 10-1-21 Oscr
   Trial Judge: Rory T. Thibault

In the above-entitled cause, the Clerk will enter:

Following a jury trial, defendant was convicted of obstruction of justice and five counts of violating his conditions of release (VCR) by contacting the complainant from a separate criminal matter both directly and through a third party. On appeal, defendant argues that the evidence was insufficient to support a guilty verdict and that the court's instructions to the jury on three VCR counts amounted to plain error. We affirm.

The State charged defendant with six counts of violating conditions of release and obstruction of justice based on conversations between defendant and the complainant in a different criminal case. The State introduced the following evidence at trial. In August 2018, defendant was in custody on charges of domestic abuse and cruelty to a child based on the complainant's statement that he struck their daughter in the face, causing her to bleed. The court imposed pretrial conditions prohibiting defendant from contacting the complainant directly or through third parties regardless of whether he was incarcerated or released. Following an investigation, the State determined that defendant had contact with the complainant, either directly or through defendant's mother. During the communications, defendant pressured the complainant to rebut or withdraw her statement to law enforcement. He also called his mother and asked her to contact the complainant on his behalf and persuade her to contact his lawyer or the state's attorney to change her statement. The complainant testified that defendant contacted her directly to persuade her to change her story and that she discussed the case with defendant's mother. Defendant's mother testified that defendant told her to contact the complainant and persuade her to change her statement.

At the close of the State's case, defendant moved for judgment of acquittal. As to the obstruction charge, defendant argued that the State had not presented sufficient evidence to demonstrate that he acted in a corrupt way to impede the due administration of justice. He claimed that there was no evidence he was attempting to ask the complainant to lie; he argued that he was innocent and he was just trying to get her to change her story. The court denied the motion, concluding that the evidence, when viewed in the light most favorable to the State, was

sufficient for the jury to conclude that defendant was endeavoring to obstruct or impede justice by contacting the complainant in violation of a court order and asking her to modify the statement she had provided to police. Defendant also moved for acquittal on four of the VCR counts (counts three, four, six, and seven). He argued that there was insufficient evidence that in those instances he had contact with the complainant through a third party because, although he asked his mother to contact the complainant, she did not. The court denied the motion as to counts three, six, and seven, concluding there was enough evidence for the jury to find that defendant contacted his mother who then contacted the complainant. The court dismissed count four, concluding that there was no evidence that defendant's mother followed through on his request to contact the complainant in that instance. Defendant did not challenge the court's instructions on the three VCR counts at issue on appeal. Those instructions provided, in relevant part, that the jury had to find that defendant "knowingly" made the phone calls at issue "to contact [the complainant] through a third party, specifically [his mother]." The jury returned guilty verdicts on all six remaining counts. Defendant appealed to this Court.

Defendant first argues that the State's evidence was insufficient to prove, beyond a reasonable doubt, that he endeavored to obstruct justice. This Court reviews "the denial of a motion for judgment of acquittal de novo, using the same standard as the trial court." State v. McMahon, 2024 VT 67, ¶ 7. The standard is whether "the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." Id. (quotation omitted). A judgment of acquittal is appropriate only where the State fails to produce "any evidence to substantiate a jury verdict," and "we will not substitute our judgment for that of the jury." Id. ¶ 8 (quotations omitted).

To prove obstruction, the State was required to provide evidence that defendant corruptly obstructed or impeded or endeavored to obstruct or impede the due administration of justice. See 13 V.S.A. § 3015 (defining obstruction of justice). Defendant contends that there was insufficient evidence for the jury to conclude that he acted corruptly because he was innocent and merely asked the complainant to tell the truth regarding the domestic-abuse and cruelty charges. While defendant had an alternate theory of the case, the State provided enough evidence for the jury to find that defendant pressured the complainant into changing her statements to comply with what he wanted her to say. The State presented evidence that defendant told the complainant to contact his attorney and the state's attorney and rebut or change her story. The complainant testified that she had not lied to police and that defendant pressured her to rebut her testimony. There is no merit to defendant's assertion that he did not obstruct justice because the underlying charges were ultimately dismissed. The State is not required to prove that a defendant succeeded in obstructing justice to prove the charge. See State v. Wiley, 2007 VT 13, ¶ 15, 181 Vt. 300 (explaining that State not required to prove that defendant succeeded "in his attempt to interfere with the due administration of justice"). The evidence, viewed in the light most favorable to the State, showed that defendant told the complainant to change the statement she had previously provided to police. This was sufficient to show that defendant attempted to obstruct or impede the due administration of justice.

Second, defendant argues that the trial court committed plain error in instructing the jury on the VCR charges, counts three, six, and seven, which alleged that defendant contacted the complainant through his mother in violation of his conditions of release. Defendant asserts that the instructions permitted the jury to convict without finding that defendant's mother actually contacted the complainant. Therefore, defendant asserts that the instructions were incomplete and should have explicitly required the jury to find that defendant's mother made contact with

the complainant. Defendant did not object below and asserts that the error was plain because it permitted the jury to convict without finding an element of the crime. "When reviewing alleged plain error in a jury instruction, we determine whether there was obvious error affecting the defendant's substantial rights, thereby resulting in prejudice to the defendant and seriously affecting the fairness or integrity of the judicial proceedings." State v. Nicholas, 2016 VT 92, ¶ 13, 203 Vt. 1. Jury instructions are considered as a whole in light of the record and plain error exists "only in rare and extraordinary cases." Id. (quotation omitted).

Here, when the instructions are examined as a whole, there was no plain error. The court's instructions explained that defendant was subject to conditions of release that prohibited him from having contact with the complaint and specified that this included "in person, in writing, by telephone, by email or through a third person regardless of whether you are in jail or released." The court instructed the jury that it had to find that defendant "knowingly made" a call to contact the complainant through his mother and that this violated his conditions of release. The instructions therefore informed the jury that it had to find, not just that defendant contacted his mother, but that he violated his conditions of release by having contact with the complainant through his mother. Because we conclude that the instructions adequately described the elements of the crime, there was no plain error.

Affirmed.

BY THE COURT:


Harold E. Eaton, Jr., Associate Justice


William D. Cohen, Associate Justice


Nancy J. Waples, Associate Justice

3